[7 NYS3d 818]

518 West 184th Street LLC, Respondent, v Vircia Guzman, Appellant, et al., Respondent.

Supreme Court, Appellate Term, First Department, March 2, 2015

---

### APPEARANCES OF COUNSEL

*Vircia Guzman*, appellant pro se.

*Law Office of Stuart I. Jacobs*, Brooklyn (*Shorab Ibrahim* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Final judgment, entered on or about August 30, 2012, reversed, without costs, and final judgment awarded in favor of tenant dismissing the holdover petition. Appeal from order, entered on or about August 29, 2012, dismissed, without costs, as subsumed in the appeal from the final judgment, and appeal from order, same court and Judge, entered on or about January 11, 2013, dismissed, without costs, as academic and abandoned.

Evidence adduced at the trial of this illegal use holdover proceeding established the following. Based largely upon surveillance video depicting "a lot of traffic at the door" of the tenant's first-floor stabilized apartment, police obtained and executed a search warrant for the apartment. The ensuing search revealed the presence of $258 in cash, a number of empty plastic bags, and four unlabeled pill bottles containing upwards of 400 pills, with only one such pill testing positive as an illegal drug (alprazolam, also know as Xanax). Tenant's adult son, David, in whose bedroom the vouchered pills were found, was thereupon arrested and ultimately pleaded guilty to a misdemeanor drug possession charge, after admitting in a written confession that, in addition to taking Xanax to inhibit panic attacks, he also sold the drug (where was not stated) to earn "a little extra money."

Even assuming in petitioner landlord's favor that the trial evidence was sufficient to satisfy its burden to prove that the apartment premises were the situs of "customary or habitual" illegal drug activity (*see and compare 855-79 LLC v Salas*, 40 AD3d 553, 555 [2007]), it was plainly inadequate to establish that this elderly and infirm tenant—who testified without contradiction that she suffers from various maladies, including di-

abetes, epilepsy, depression and memory problems—knew or should have known of any illegal drug activity in the apartment and acquiesced in any such activity (*see 855-79 LLC v Salas* at 555-556). Absent from the landlord's trial submission were "any obvious signs of drug trade in the apartment, or any evidence that tenant would have known what those signs were" (*Salas* at 554). All that was shown in this regard was that tenant may have known that her son had a substance abuse problem, an inference arguably created by the son's statement in his written confession that tenant allowed him to use a portion of her prescription for Dilantin, a seizure medication, because the son could not afford to fill his own prescription for that medication. Such elliptical evidence, however, does not justify an inference that tenant had either actual or constructive knowledge of any illegal drug activity that the son may have engaged in, whether inside the apartment or otherwise. This is so particularly considering the type and (negligible) amount of contraband recovered within the apartment.

We note finally that no adverse inference could properly be drawn from this tenant's failure to affirmatively deny any knowledge of her son's drug sales (*see Salas* at 556), particularly where the issue was not actively pursued by landlord on its cross-examination of the tenant.

SCHOENFELD, J.P., HUNTER, JR. and LING-COHAN, JJ., concur.